Brevard, J.,
delivered the resolution of the whole court. The question made in this case was decided at Columbia, twelve months 'ago, by a majority of the judges, in the case of Gervais v. Baird. The question was held to depend on the construction of the act of assembly, made to dispense with the unnecessary attendance of *201 witnesses* 1802 ; and the act was' construed to require proof of the signature of the party to be charged. If the maker of a note he a marksman, that circumstance will not avoid the necessity of proving his signature. In many instances, the mark of a man who cannot write, can be known and distinguished ; and, therefore, the case admits of the same proof that is necessary in cases where the maker can write. But if the mark cannot be proved in this way, it must be proved by the subscribing witness to the note, or by some other person who was present,, and saw the mark made.
JVbio. See the case of Myers v, Taylor, May, 1803, (1 vol. p. 245.) “ Proof of the handwriting of a subscribing witness to a bond, is sufficient, without proving the handwriting of the obligor, where the subscribing witness is absent.” Per Buller, 1 Bos. and P. 360. The word “ signature,” in the A. A. must mean the signature of the obligor, or maker, of a bond, or note, and not the signature of any witness.